UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESTOPHER MARK PERALTA,<br><br>Plaintiff,<br><br>v.<br><br>WARDEN DESERT VIEW DETENTION FACILITY et al.,<br><br>Defendants. | Case No. 5:26-cv-05080-SB-PVC<br><br>ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS |

Petitioner Chestopher Mark Peralta, a citizen of Nicaragua, is detained at the Desert View Detention Facility. On September 2, 2026, he filed a petition for a writ of habeas corpus seeking his immediate release. The Court denies the petition.

I.

Petitioner entered the United States in November 2022 and was released on parole after being apprehended by immigration officers. Dkt. No. 1 ¶ 23. He has remained in the country for the past several years. *Id.* ¶ 26. On July 22, 2026, officers arrested Petitioner while he was attending a scheduled appointment, took him into custody, and transferred him to Desert View. *Id.* ¶ 27. Approximately six weeks later, Petitioner received a bond redetermination hearing under 8 U.S.C. § 1226(a), at which his retained counsel appeared by videoconference and experienced connection problems. *Id.* ¶ 30. The immigration judge (IJ) heard from the government, heard testimony from Petitioner and his sponsor, and questioned them directly. The IJ denied bond after determining that Petitioner failed to carry his burden of demonstrating that he was not a flight risk. *Id.* ¶ 34.

On September 2, 2026, Petitioner filed this petition, arguing that his due-process rights were violated because the government detained him without a pre-

deprivation hearing and that he was deprived of the right to meaningful assistance of counsel at his bond hearing. He seeks an order requiring his immediate release.

II.

A district court may grant habeas relief to a petitioner who demonstrates that he is in custody in violation of federal law. 28 U.S.C. § 2241(c)(3); *see Magana-Pizano v. I.N.S.*, 200 F.3d 603, 609 (9th Cir. 1999) (stating that § 2241 permits federal courts to grant habeas relief to aliens detained "in custody in violation of the Constitution or the laws or treaties of the United States"). Petitioner has not shown that he is entitled to release.

A.

Petitioner contends that his release on parole created a protected liberty interest and that due process required notice and an individualized hearing before the government could redetain him. While the Supreme Court has held that criminal parolees are entitled to an informal hearing before their parole is revoked, *see Morrissey v. Brewer*, 408 U.S. 471, 484 (1972), the Ninth Circuit has recognized that different considerations apply to immigration detention, where the procedural due process inquiry "can and must account for the heightened governmental interest," *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206 (9th Cir. 2022). Even assuming a significant liberty interest, the government has a "strong interest" in enforcing immigration laws. *Id.* at 1208. "This is especially true when it comes to determining whether removable aliens must be released on bond during the pendency of removal proceedings." *Id.*; *see also id.* (characterizing the government interests as being of "the highest order").

Petitioner fails to show that the post-deprivation process available to him was constitutionally insufficient to protect any interest he had in remaining at liberty pending his removal proceedings. *Id.* (noting a court must consider the process received during detention and further process that was available to him). He received an individualized bond hearing approximately 40 days after his arrest, at which he was represented by retained counsel, testified, presented a sponsor, and had the opportunity to submit evidence. At the conclusion of the hearing, the IJ found that Petitioner had not shown that he was not a flight risk. Petitioner's disagreement with the outcome of his proceeding does not demonstrate that the post-deprivation process itself was constitutionally inadequate. *See Ching v. Mayorkas*, 725 F.3d 1149, 1156 (9th Cir. 2013) ("It is process that procedural due

process protects, not the outcome.”). Whether the bond hearing itself was constitutionally adequate presents a separate question, addressed below.

B.

Petitioner’s challenge to his bond hearing fails because he has not exhausted his administrative remedies. A noncitizen detained under § 1226(a) who is dissatisfied with an IJ’s bond determination “may file an administrative appeal so that ‘the necessity of detention can be reviewed by . . . the [Board of Immigration Appeals (BIA)].’” *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011) (quoting *Prieto-Romero v. Clark*, 534 F.3d 1053, 1059 (9th Cir. 2008)); *see also Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (listing factors a court should consider in deciding whether to waive exhaustion). Like the petitioner in *Leonardo*, Petitioner here seeks “habeas review of the IJ’s adverse bond determination before appealing to the BIA”—a “short cut” the Ninth Circuit has held improper. 646 F.3d at 1160.

Petitioner argues that exhaustion should be excused because the BIA cannot decide his constitutional claim, administrative review is slow, and his statistical evidence shows that successful appeals are rare. None warrants bypassing the BIA. As the Ninth Circuit has stated, “the BIA does have the authority to reopen cases to fix administratively correctable procedural errors, even when these errors are failures to follow due process.” *Liu v. Waters*, 55 F.3d 421, 426 (9th Cir. 1995). Nor does Petitioner’s evidence of delay and low success rates establish futility. His evidence shows that the median disposition time increased to 200 days in the first quarter of 2026 and that the rate of favorable outcomes is exceptionally low. Although those figures show that relief is rare and often delayed, they do not establish that the BIA’s position on Petitioner’s particular procedural claims is already set or that meaningful relief is unavailable. *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021) (excusing exhaustion where the agency’s position “appears already set” and resort to administrative remedies is “very likely” futile). To excuse exhaustion in these circumstances would effectively do away with BIA review of all bond determinations, notwithstanding the Ninth Circuit’s admonition against allowing the “deliberate bypass of the administrative scheme” when agency expertise is implicated. *See Puga*, 488 F.3d at 815.

Finally, even if exhaustion were properly excused, Petitioner would not be entitled to the only relief he seeks—release. If his bond hearing was inadequate, the appropriate remedy is one that the BIA can provide—a new bond hearing.

III.

Accordingly, the petition is denied. A separate judgment will issue.

Date: October 5, 2026

Stanley Blumenfeld, Jr.
United States District Judge